UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jamek Engineering Services, Inc., and James Ekhator, | Case No. 22-CV-02656 (JMB/JFD) |
| Plaintiffs, | |
| v. | **ORDER** |
| U.S. Department of Labor, | |
| Defendant. | |

---

Aaron A. Dean, Aaron P. Minster, Matthew P. Kostolnik, Moss & Barnett, PA, Minneapolis, MN, for Plaintiffs Jamek Engineering Services, Inc., and James Ekhator.

Emily M. Peterson, United States Attorney's Office, Minneapolis, MN, for Defendant U.S. Department of Labor.

---

This matter is before the Court on Defendant U.S. Department of Labor's (DOL) Motion for Summary Judgment. (Doc. No. 38.) In this action, Plaintiffs Jamek Engineering Services, Inc. (JES) and James Ekhator (together, Jamek) seek judicial review pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq*., of the DOL's Administrative Review Board (ARB) final decision and order, which affirmed an Administrative Law Judge (ALJ)'s decision debarring Jamek from receiving federal contracts for a period of three years in an underlying Davis-Bacon and Related Acts

1

(DBRA) debarment action.[1]  (*See generally* Doc. No. 1 [hereinafter, "Compl."].)  For the reasons explained below, the Court grants the DOL's motion and dismisses this action.

## BACKGROUND

This case arises from work performed by JES, a painting contractor, whose owner is Ekhator, on a multi-family housing project in St. Paul (the Project), where the Project received funding from the U.S. Department of Housing and Urban Development (HUD). (*See* Doc. No. 33-5 at 9; Doc. No. 53 at 6; *see also* Doc. No. 33-6 at 115–17.)  Because the Project received federal funding, certain labor-standards requirements, including those under the DBRA, applied to Jamek's work on it.  (*See* Doc. No. 33-6 at 115–17.)  Such requirements included paying workers prevailing wages and adhering to certain record-keeping practices, among other things.  (*See id.*; *see also id.* at 139–42.)  Jamek was also required, by virtue of the Project's prime contractor's agreement with local government, to employ a specific ratio of journeymen and apprentices.  (*See* Doc. No. 33-7.)  *See* 29 C.F.R. § 5.5(a)(4)(i).

In August 2016, following an investigation into Jamek's labor-standards practices at the Project, the DOL found that Jamek violated the DBRA in several ways, including by failing to pay prevailing wages, not paying employees for all hours worked, employing an incorrect ratio of apprentices and journeymen, employing unregistered apprentices and journeymen, keeping incorrect records, failing to maintain payroll records, and taking

---

[1] This Court has the authority to review the ARB's decision pursuant to 5 U.S.C. § 704, as that decision constitutes final agency action by the DOL.  *See* 29 C.F.R. § 7.1(d).

improper deductions from employee paychecks, among other things.  (Doc. No. 33-5 at 12, 13–17.)

Jamek contested these findings before an ALJ.  (*See* Doc. No. 33-13 at 173.)  The ALJ ultimately issued an order that found that the violations were substantiated.  (*See id.* at 174.)  Then, in September 2022, after an initial appeal and remand to the ALJ, the ARB ultimately affirmed the violation determinations in whole.  (Doc. No. 33-13 at 169–82.)  The ARB also affirmed a finding that Jamek's violations were aggravated or willful such that they merited Jamek's debarment for a period of three years, which meant that Jamek could not receive any federal contracts or subcontracts during that time.  (*See id.* at 170, 181–82 (citing 29 C.F.R. § 5.12(a)(1).)

In October 2022, Jamek initiated this action against the DOL under the APA, in which it challenges the ARB's order of debarment, asserting that it is "contrary to the evidence."  On November 17, 2023, the DOL filed its summary judgment motion.  (Doc. No. 38.)  Jamek and the DOL thereafter stipulated to numerous extensions of the briefing deadlines for the motion, which resulted in Jamek's deadline to respond to the DOL's motion falling on March 15, 2024.  (*See* Doc. Nos. 42, 45, 49, 52.)  Ultimately, however, Jamek did not file any response.  The hearing on the DOL's motion was cancelled at the request of the parties.

Given Jamek's decision not to respond to the motion, the Court did not reschedule the hearing and now issues a decision on the written submissions.

## DISCUSSION

The DOL requests summary judgment, which is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it may affect the outcome of the lawsuit." *TCF Nat'l Bank v. Mkt. Intelligence, Inc.*, 812 F.3d 701, 707 (8th Cir. 2016). And a factual dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, the Court must view the evidence and any reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, it is the responsibility of the nonmovant to "set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256 (quotation omitted). This Court is not required to scour the record to determine whether there are issues of fact that preclude summary judgment. *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009).

In a challenge to an agency action under the APA, the dispute can usually be resolved on summary judgment because "[t]he entire case on review is a question of law." *United Food & Com. Workers Union, Local No. 663 v. U.S. Dep't of Agric.*, 532 F. Supp. 3d 741, 768 (D. Minn. 2021) (quoting *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001)). The scope of this Court's review of the ARB's decision is governed by 5 U.S.C. § 706(2), which sets forth a "deferential standard" under which the Court must affirm the ARB's decision unless it is unsupported by substantial evidence or

is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2); *see also Maverick Transp., LLC v. U.S. Dep't of Lab.*, 739 F.3d 1149, 1153 (8th Cir. 2014). Under this standard, the Court cannot substitute its judgment for the agency's and, in considering the entire record, must affirm if "substantial evidence" supports the decision. *Id.* "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's decision." *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006). Further, the Court gives "great deference to the ALJ's credibility determinations." *Mercier v. U.S. Dep't of Lab.*, 850 F.3d 382, 388 (8th Cir. 2017). Applying this standard here, the Court concludes that the DOL is entitled to judgment as a matter of law for the reasons discussed below.

A contractor or subcontractor that is found have engaged in "aggravated or willful violations" of the DBRA may be barred from working on federal contracts for up to three years, as Jamek was here. 29 C.F.R. §§ 5.12(a)(1), 6.19(b)(2). The ALJ based its three-year debarment decision on two violations. First, the ALJ determined that Jamek "purposefully, knowingly, and willingly falsified [its] payroll records" in violation of the DBRA. (Doc. No. 33-12 at 81.) To support this determination, the ALJ found that Jamek had no intention of making required fringe-benefit contributions at the time it certified that it had made or would make such contributions. (*Id.*) Further, the ALJ found the DOL's witness' testimony was more credible than Jamek's, and the ARB concurred. (*Id.* at 77; Doc. No. 33-13 at 181.) After reviewing the record, giving deference to the ALJ's credibility determinations, *see Mercier*, 850 F.3d at 388, and in light of Jamek's decision not to oppose the DOL's summary judgment motion, the Court concludes that the ALJ's

findings of a willing violation are supported by substantial evidence and are not arbitrary, capricious, or otherwise improper.

Second, the ALJ specifically based its debarment decision on Jamek's unlawful deduction of union initiation fees. (Doc. No. 1-3 at 9.) The DOL had previously counseled Ekhator on such DBRA requirements after investigating Jamek for failing to pay fringe benefits and accurate wage rates on a May 2014 contract. (Doc. No. 33-8 at 7–15; Doc. No. 33-13 at 181.) The ARB found that this demonstrated that Jamek "knew of the relevant laws but still violated several of them" in its work on the Project. (*See* Doc. No. 33-13 at 181.) Again, substantial evidence supports these determinations. In addition, Jamek offers no argument directing the Court to any conflicting evidence or any analysis explaining how the DOL's decision in this regard could have been arbitrary, capricious, an abuse of discretion, or not in accordance with law.

Thus, on this record, the Court is compelled to agree with the DOL.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant U.S. Department of Labor's Motion for Summary Judgment (Doc. No. 38) is GRANTED; and

2. This matter is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 30, 2024                             /s/ *Jeffrey M. Bryan*
                                                 Judge Jeffrey M. Bryan
                                                 United States District Court